BEFORE THE SECOND DIVISION, MARCH 23, 1949

**No. 52955.**—Williams & Wilkins Co. *v.* United States, protest 135112–K (Baltimore).

TILSON, Judge: This suit against the United States seeks to recover the sum of $199.95 which the collector of customs assessed and collected on an importation of merchandise which he classified as "Books of foreign authorship" under paragraph 1410 of the Tariff Act of 1930, as amended by the trade agreement with the United Kingdom, T. D. 49753. The plaintiff claims the merchandise to be entitled to free entry under paragraph 1726 of the Tariff Act of 1930, as periodicals.

So far as here pertinent, paragraph 1726 reads as follows:

* * * periodicals; but the term "periodicals" as herein used shall be understood to embrace only unbound or paper-covered publications issued within six months of the time of entry, devoted to current literature of the day, or containing current literature as a predominant feature, and issued regularly at stated periods, as weekly, monthly, or quarterly, and bearing the date of issue.

The publication in question is entitled "THE BRITISH JOURNAL OF SURGERY, WAR SURGERY SUPPLEMENT NO. 1, WOUNDS OF THE HEAD."

It appears from the record that THE BRITISH JOURNAL OF SURGERY is published regularly at stated intervals, and bears the date of publication. This journal has been imported into the United States for a number of years and has been accorded free entry by the customs authorities. The involved publication, WAR SURGERY SUPPLEMENT NO. 1, WOUNDS OF THE HEAD, a copy of which is before us as exhibit 2, is not issued regularly at stated periods, as weekly, monthly, or quarterly, and does *not* bear the date of issue. On pages 1 and 2 of this publication appears a "FOREWORD" by G. E. G., and the date, *"June,* 1947." This could scarcely be construed as the date of issue.

The witness stated that there were to be four issues of this supplement, each dealing with different subjects, but whether or not they were to be issued regularly, as weekly, monthly, or quarterly, the witness was not able to state. In this connection, counsel for the plaintiffs stated:

The supplement does not state when the others will come out, but it does announce that they will be issued and also gives what they will contain. Number 2 will deal with Abdomino-Thoracic Wounds; Number 3, Wounds of the Extremities, and Number 4, Plastic Surgery, Including Facio-Maxillary Injuries. All are

in active preparation and they will be issued free to subscribers. All of that has been announced in the Journal so we know exactly what is to come, but we don't know when it will come.

Counsel for the plaintiff relies upon *Aoki Taiseido Book Co.* v. *United States*, 2 Cust. Ct. 218, C. D. 126, as supporting its contention herein, and quotes the following therefrom in its brief filed in this case:

* * * the supplement must directly relate, in some respect, to the. literature to which the particular periodical is devoted, or which is the predominant feature thereof. Otherwise, the scope of said paragraph [par. 1726] would be extended to include merchandise of an entirely different character, which, simply because it was imported with and issued with such a periodical, would be permitted free entry.

Following the above quotation, in the same paragraph the court further observed:

* * * Such a construction seems to be not only consistent with the intent of Congress as expressed by the narrow construction placed on the term "periodicals" in said paragraph 1726, but also conforms to the common meaning of the word "supplement" as set forth by authorities. * * *

At the top of the cover page of exhibit 1, entitled "THE BRITISH JOURNAL OF SURGERY" appears the following: "VOL. XXXIV QUARTERLY No. 136" and towards the bottom of the same page "APRIL, 1947." An examination of exhibit 2, "WAR SURGERY SUPPLEMENT No. 1, WOUNDS OF THE HEAD," discloses nothing to indicate the volume number, whether issued regularly at stated periods, as weekly, monthly, or quarterly, and nothing to indicate the date of issue.

From the foregoing it is clear that the imported merchandise does not meet the narrow construction placed by the Congress on the term "periodicals" in said paragraph 1726, although it does meet the requirement that it "must directly relate, in some respect, to the literature to which the particular periodical is devoted, or which is the predominant feature thereof," as held in the *Aoki Taiseido Book Co.* case, *supra*.

All claims of the plaintiff are therefore overruled. Judgment will be rendered accordingly.