No. 54213.—Tice & Lynch v. United States, protest 135206–K (New York).

RAO, Judge:   This is a suit against the United States, arising at the port of New York, brought to recover certain customs duties alleged to have been improperly exacted on an importation of certain magazines.   Duty was levied thereon at the rate of 20 per centum ad valorem, pursuant to the provisions of paragraph 1410 of the Tariff Act of 1930, as modified by the trade agreement with the United Kingdom, 74 Treas. Dec. 253, T. D. 49753, as pamphlets other than those of *bona fide* foreign authorship.   It was claimed in the protest that the merchandise is free of duty under paragraph 1726 of said act, as periodicals.   By amendment of the protest, it was alternatively claimed that the merchandise is dutiable at only 7½ per centum ad valorem, pursuant to the provisions of said paragraph 1410, as modified by said trade agreement, as printed matter or pamphlets or books of *bona fide* foreign authorship.

The case was originally decided by us on December 28, 1949, in *Tice & Lynch* v. *United States*, 24 Cust. Ct. 4, C. D. 1200 (Ford, J., not participating), at which time both claims of the plaintiff were overruled, and judgment was directed for the defendant.   The case is again before us as a result of a rehearing granted the plaintiff.   (24 Cust. Ct. 375, Abstract 54043.)

As heretofore noted, the claim that the merchandise was dutiable as printed matter, pamphlets, or books of *bona fide* foreign authorship under said paragraph 1410 was originally an alternative one, advanced by way of amendment granted on the day the case was tried. The brief filed by counsel for the plaintiff after the first submission of this cause contained no argument to support plaintiff's contention of the applicability of the 7½ per centum rate to the imported merchandise, but was devoted to the then principal contention that the magazines were entitled to free entry as periodicals by virtue of the provisions of paragraph 1726 of the Tariff Act of 1930.

In the motion for rehearing, plaintiff, in effect, abandoned the claim for free entry with the statement that it was not desired to argue that claim. A rehearing was sought solely on the ground that, in view of the principle announced in the case of *Oxford University Press, N. Y., Inc.* v. *United States*, 33 C. C. P. A. (Customs) 11, C. A. D. 309, the court had erred in not holding the merchandise to be dutiable as pamphlets of *bona fide* foreign authorship.

In our decision, 24 Cust. Ct. 4, C. D. 1200, we held that while it had been established that the importer, one J. S. Coutts, a citizen of Australia, had, in fact, written, composed, edited, and produced the magazines in question, there was a failure of proof that certain letters to the editor, caused to be inserted in the publications by said editor, were not of American authorship; and that since the portion of the magazines devoted to correspondence with the readers represented approximately 20 per centum of the total printed matter, the magazines were not wholly or substantially wholly of foreign authorship.

In reaching that conclusion, we relied primarily upon our recent decision in *Feldheim* v. *United States*, 23 Cust. Ct. 172, Abstract 53577, wherein it was held that a volume of essays which contained a minimum of 10 per centum of material written by American authors, was not wholly or substantially wholly of foreign authorship. While we therein referred to and distinguished the case of *Oxford University Press, N. Y., Inc.* v. *United States, supra*, we made no further analysis of that authority in our previous decision in this case.

We find now that we were in error in applying the principle of the *Feldheim* case, *supra*, rather than the doctrine of the *Oxford University Press* case, *supra*, to the issue raised by the pleadings herein. The element of co-authorship which must exist before the doctrine of the *Feldheim* case, *supra*, may be invoked, is lacking here. The ultimate work, which in this case was the magazine, was the sole intellectual effort of the foreign author. He personally not only contrived the idea for the finished product, but also wrote the various articles appearing in it, illustrated his writings by photographs and drawings, and made the selection of those letters which were to appear in his publication. Mr. Coutts, a citizen of Australia, was the author of the imported magazines. They are, therefore, of *bona fide* foreign authorship, dutiable at the rate claimed.

In view of the foregoing, we hold that the merchandise in question is dutiable at the rate of 7½ per centum ad valorem pursuant to the provisions of paragraph 1410 of the Tariff Act of 1930, as modified by the trade agreement with the United Kingdom, 74 Treas. Dec. 253, T. D. 49753, as pamphlets of *bona fide* foreign authorship. All other claims in the protest are overruled.

Judgment will be entered accordingly.