(C.D. 2195)

PHILSTAN TRADING, LIMITED *v.* UNITED STATES

United States Customs Court, Second Division

(Decided August 2, 1960)

*Alvin Borden* (*Wm. Peyton Marin* of counsel) for the plaintiff.

*George Cochran Doub*, Assistant Attorney General (*Murray Sklaroff* and *Alfred A. Taylor, Jr.*, trial attorneys), for the defendant.

Before LAWRENCE, RAO, and FORD, Judges

RAO, Judge: During the months of June, July, and August 1953, there were imported into the United States two issues of a magazine printed and published in Canada, bearing the title "Man's World." The collector of customs at the port of entry classified this material as printed matter, other than of *bona fide* foreign authorship, and, accordingly, assessed duty thereon at the rate of 10 per centum ad valorem, pursuant to the provisions of paragraph 1410 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739.

Plaintiff has protested this action claiming that the magazines are entitled to free entry as periodicals, as provided in paragraph 1726 of said tariff act.

The competing tariff provisions read as follows:

Paragraph 1410, as modified by T.D. 52739, *supra*:

Printed matter not specially provided for, not of bona fide foreign authorship (not including books, sheets or printed pages of books bound wholly or in part in leather, pamphlets, or music in books or sheets; and except tourist literature containing historical, geographic, time-table, travel, hotel, or similar information, chiefly with respect to places or travel facilities outside the continental United States) _____ 10% ad val.

Paragraph 1726, *supra*:

Newspapers, undeveloped negative moving-picture film of American manufacture exposed abroad for silent or sound news reel, and periodicals; but the term "periodicals" as herein used shall be understood to embrace only unbound or paper-covered publications issued within six months of the time of entry, devoted to current literature of the day, or containing current literature as a predominant feature, and issued regularly at stated periods, as weekly, monthly, or quarterly, and bearing the date of issue.

No oral evidence was adduced at the trial of this action. The case was submitted for decision upon an oral stipulation of counsel for the respective parties, which, though interspersed with argumentation and containing many irrelevancies, may be said to establish the following facts:

"Man's World" was a publication of the American Man's World Publishing Co. of Toronto, Ontario, Canada. The two editions thereof here involved, a sample of each of which is in evidence as plaintiff's collective exhibit 1, came into this country in three shipments, consisting of 151,250 copies of the August 1953 issue and 144,000 copies of the September 1953 issue. After the importation of the September edition, and, owing to financial reverses, the publisher suspended operations and disbanded.

The exhibits show that the issues are numbered consecutively in the same volume; they are dated; "published monthly"; cost 35 cents per copy; may be purchased at subscription rates of $4 per year or $7 for 2 years, mailed anywhere; and that the entire contents are printed and bound in Canada.

The parties also agreed that the magazines are paper covered; were issued within 6 months of the time of entry; and are devoted to current literature.

Although it was further stipulated that the "sole question involved is whether or not they were issued regularly at stated periods in accordance with Paragraph 1726 of the Tariff Act of 1930," it appears that it was not the intention of counsel for the defendant thereby to agree that the magazines bear the date of issue. The Government's position on this question was stated to be that the "date of issue" relates to the date of circulation in a foreign country, not the date appearing on the magazine, which latter date, it is asserted, does not

establish the date of issue. Under this theory, counsel for the Government consented to stipulate only that the September issue was circulated in Canada prior to entry, but expressly refused to so agree with reference to the August issue.

Our careful consideration of the statements of counsel, both at the initial hearing of this action in Ogdensburg, N.Y., and at the second hearing before this division in New York City, reveals that the foregoing comprises all the facts upon which agreement was reached. Other matter presented to the court, purporting to relate to the number of copies of each edition actually printed, and the fact and method of distribution of the magazine both in Canada and in the United States were arguments of counsel merely, unsupported by competent evidence.

In view of the established facts and the definition of the term "periodicals" in paragraph 1726, *supra*, it is apparent that the questions to be determined here are whether the publication "Man's World" was issued regularly at stated periods, and what constitutes the "date of issue."

Since the effective date of the Tariff Act of 1890, the free entry of periodicals has been conditioned upon compliance with a statutory definition which has not varied greatly in terminology in superseding enactments. The phrases here in contention have on several occasions been subjected to judicial construction so as to provide a meaning no longer doubtful or obscure. It has been said that "When the law provides that the imported publication shall bear the date of issue plainly it refers to the date of issue of such periodical in the foreign country from which it comes." *Albert and Charles Boni (Inc.) v. United States*, 19 C.C.P.A. (Customs) 22, T.D. 44853. It presupposes that there has been delivery or distribution of the publication prior to importation. *Tice & Lynch v. United States*, 24 Cust. Ct. 4, C.D. 1200, modified on grounds not here pertinent, 24 Cust. Ct. 420, Abstract 54213.

The phrase "issued regularly" has also been construed with reference to publication in advance of importation. *New York Daily News v. United States*, 65 Fed. 493. And where publication has not occurred at regular intervals, or where an intention to so publish has not been effectuated, irrespective of the interrupting cause, the statutory requirements have not been satisfied. *Williams & Wilkins Co. v. United States*, 22 Cust. Ct. 268, Abstract 52955; *Tice & Lynch v. United States, supra; Carey & Skinner, Inc. v. United States*, 42 C.C.P.A. (Customs) 86, C.A.D. 576.

Within these precepts, it is obvious that regularity of issuance can not be ascertained from the facts surrounding a single edition. It may be the *bona fide* intention of the publisher, expressed in the masthead of the magazine, or in negotiated contracts, or otherwise, to pro-

duce subsequent releases at regular and stated intervals, but unless that intention is implemented by actual further publication and issuance, it can not be known whether, or if, future issues will appear regularly or at stated periods.

By the same token, we doubt that a second consecutive edition will suffice to establish regular periodic issuance. The language of the proviso to paragraph 1726, "issued regularly at stated periods, as weekly, monthly, or quarterly," suggests a recurring procedure which we do not believe to be susceptible of reduction to a definitive course by the fact of but two publications. The word "periods" is plural, and, in our view, would ordinarily contemplate more than the single lapse of time between a first and second publication. Since two issues of "Man's World" were all that were ever printed, the publication never became a periodical within the intent and meaning of paragraph 1726.

In any event, the instant record lacks evidence to show that the August 1953 edition was ever issued for distribution in Canada prior to importation. If it was not, and we can not assume otherwise, for the stipulation of the parties is silent as to this fact, the September edition becomes the first publication bearing the date of issue within the contemplation of paragraph 1726, *supra*, and, standing alone, is necessarily insufficient proof of regular issuance at stated periods.

We appreciate that the publisher of "Man's World" embarked upon the task of producing a monthly magazine in good faith, with every intention of continuing the series for an indefinite period of time, and that financial reverses alone frustrated its purpose. It is, however, the fact, not the intent, which governs in this instance, and the necessary facts to show that the involved magazines are periodicals, as defined in paragraph 1726, *supra*, are lacking here. The claim of plaintiff for free entry of the merchandise covered by the instant protest is, therefore, overruled.

Judgment will be entered accordingly.